ROBERT E. SCHUMACHER, ESQ.
Nevada Bar No. 7504
DAVID T. GLUTH, II, ESQ.
Nevada Bar No. 10596
**GORDON REES SCULLY MANSUKHANI, LLP**
300 South 4th Street, Suite 1550
Las Vegas, Nevada 89101
Telephone: (702) 577-9300
Direct Line: (702) 577-9319
Facsimile: (702) 255-2858
E-Mail: rschumacher@grsm.com
　　　　dgluth@grsm.com

*Attorneys for Defendant,*
*MIDWEST FAMILY MUTUAL INSURANCE*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARY GRACE SCHMITT, individually, | CASE NO.: |
| Plaintiff, | |
| vs. | (EJDC Case No. A-21-827312-C) |
| MIDWEST FAMILY MUTUAL INSURANCE DOES I-X, ROE CORPORATIONS I-X, | **PETITION FOR REMOVAL PURSUANT TO 28 U.S.C. §§1332 AND 1441** |
| Defendant(s). | |

Defendant, MIDWEST FAMILY MUTUAL INSURANCE (hereinafter "Midwest"), by and through his counsel, ROBERT E. SCHUMACHER, ESQ., and DAVID T. GLUTH, ESQ., of the law firm of GORDON REES SCULLY MANSUKHANI LLP, by and through their undersigned counsel, hereby remove this action from the Eighth Judicial District Court in and for Clark County, Nevada to the United States District Court for the District of Nevada pursuant to 28 U.S.C. §§ 1332 and 1441. In support of removal, Defendants state as follows:

/ / /

/ / /

/ / /

-1-

## I. THE STATE COURT ACTION

1. On January 2, 2021, Plaintiff Mary Grace Schmitt filed a civil action in the Eighth Judicial District Court of Clark County, Nevada, captioned *Mary Grace Schmitt v. Midwest Family Mutual Insurance*, *e.t al.*, Case No. A-21-827312-C (the "State Court Action" or "Complaint"). A true and correct copy of the Complaint is attached hereto as **Exhibit A.**

2. In her Complaint Plaintiff alleges that he sustained personal injuries due to a collision on September 25, 2018. Exhibit A, ¶¶4, 9. Plaintiff further alleges that she incurred medical expenses over $50,000 and need future medical care. Exhibit A, ¶8. Plaintiff alleges that the at-fault driver tendered policy limits of $25,000 but alleges Midwest fails to compensate her for her injuries that exceed the at-fault driver's policy limits. Exhibit A, ¶¶7-9. Plaintiff further alleges she has been injured in an amount in excess of $15,000 and punitive damages. **Exhibit A**, ¶¶20, 25, 42.

3. On May 7, 2020, Plaintiff's former counsel, Cory Hilton, sent a demand letter to Midwest. Among other things, Plaintiff's counsel stated his perceived value of his client's claim was between $250,000 to $400,000. Plaintiff's counsel alleged his client would need future care for a surgery in an amount that exceeds $100,000. Plaintiff's counsel demanded payment of $400,000 to settle. Demand Letter, attached hereto as **Exhibit B**.

4. As set forth more fully below, this cause is properly removed to the United States District Court for the District of Nevada, pursuant to 28 U.S.C. §§ 1332 and 1441, because the procedural requirements for removal are satisfied: there is complete diversity of citizenship between Plaintiff and the properly joined and served Defendants; the amount in controversy exceeds $75,000, exclusive of interest and costs; and this Notice of Removal has been filed within thirty days after Defendant received the initial pleading. 28 U.S.C. § 1446(b).

## II. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.

5. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all summons, process, pleadings, and orders served upon Midwest in the State Court Action are attached hereto as

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

**Exhibit A**.

6. Plaintiff's Complaint was filed in the Eighth Judicial District Court of Clark County, Nevada on January 4, 2021. *See* Exhibit A. The Complaint was served on Defendant Midwest through the Nevada Commissioner of Insurance on January 11, 2021. *Id.*

7. To the knowledge of Midwest, Defendants Does I-X and Roe Corporations I-X have not been properly joined and served. The consent of these defendants is not required. U.S.C. § 1446(b)(2)(A).

8. Defendant Midwest as the only identified, joined, and served defendants, consent to the removal of this action to federal district court. 28 U.S.C. § 1446(b).

9. This notice of removal has been timely filed on January 29, 2021, because less than 30 days have passed since Defendant Midwest received the initial pleading in this case. 28 U.S.C. § 1446(b)(1).

10. The United States District Court for the District of Nevada embraces the locality in which the State Court Action is now pending, making this Court the proper forum pursuant to 28 U.S.C. § 1441(a).

11. No previous application has been made for the relief requested herein.

12. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff, and a copy is being filed with the Eighth Judicial District Court, Clark County, Nevada.

13. If any question arises regarding the propriety of this removal action, Defendant Midwest respectfully request the opportunity to present briefing and/or oral argument in support of its position that the case is removable.

### III. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

14. Federal jurisdiction exists based upon diversity of citizenship pursuant to 28 U.S.C. § 1332, because this is a civil action between citizens of different states. Further, Plaintiff has indicated that the amount in controversy exceeds the sum of $75,000, exclusive of interest

and costs. *See* Demand Letter, Exhibit B, *see also* 28 U.S.C. § 1441.

### A.  Complete Diversity of Citizenship Exists.

15. Plaintiff is alleged a citizen of Clark County, State of Nevada. Exhibit A, ¶1.

16. Defendant Midwest Family Mutual Insurance Company is an Iowa corporation with its principal place of business in Minnesota.

17. For diversity purposes, Defendant Midwest Family Mutual Insurance Company is a citizen of Iowa and Minnesota. 28 U.S.C. § 1332(c).

18. There is complete diversity of citizenship between Plaintiff and the served Defendant Midwest in this action.

### B.  The Amount in Controversy Exceeds $75,000.

19. Plaintiff's Complaint does not expressly state the amount in controversy, as Nevada Rule of Civil Procedure 8(a) precludes a plaintiff from including a specific amount of damages other than "for damages in excess of 15,000 dollars." Plaintiff alleges in excess of $50,000 in medical expenses to date and the need for future care. Exhibit A, ¶6. Plaintiff has also alleged punitive damages. *Id*. at ¶42.

20. Prior to filing this lawsuit, Plaintiff's former counsel sent correspondence alleging the amount in controversy exceeds the $75,000. Specifically, on May 7, 2020, Plaintiff sent a demand letter to Midwest where Plaintiff's counsel stated his perceived value of his client's claim was between $250,000 to $400,000. Plaintiff's counsel alleged his client would need future care for a surgery in an amount that exceeds $100,000. Plaintiff's counsel demanded payment of $400,000 to settle. Exhibit B.

21. Accordingly, Plaintiff has identified alleged damages in the Complaint and demand, exclusive of interest and costs, that exceed the $75,000.00 jurisdictional limit.

22. The jurisdictional amount requirement is therefore satisfied.

### C.  Notice to State Court of Removal

23. Defendant Midwest will promptly give notice of this Notice of Removal to Federal Court to the state court in which this action was filed.

-4-

## IV. CONCLUSION

For all the foregoing reasons, the State court Action may be removed to the United States District Court for the District of Nevada, the federal district court for the district and division embracing Clark County. *See* 28 U.S.C. § 1441(a).

Defendant Midwest respectfully request that the Court assume full jurisdiction over this action as if Plaintiff had originally filed her claims in this Court.

DATED this 29th day of January, 2021.

**GORDON REES SCULLY MANSUKHANI LLP**

*/s/ David T. Gluth*
ROBERT E. SCHUMACHER, ESQ.
Nevada Bar No. 7504
DAVID T. GLUTH, II, ESQ.
Nevada Bar No. 14739
300 South 4th Street, Suite 1550
Las Vegas, Nevada 89101
*Attorneys for Defendant,*
*Midwest Family Mutual Insurance*

**CERTIFICATE OF SERVICE**

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, I hereby certify under penalty of perjury that on the 29th day of January, 2021, a true and correct copy of the foregoing PETITION FOR REMOVAL PURSUANT TO 28 U.S.C. §§1332 and 1441 was served via CM/ECF and deposited for mailing in the U. S. Mail postage prepaid and addressed to the following:

Peter M. Angulo, Esq.
**ANGULO LAW GROUP, LLC**
5545 S. Mountain Vista Street, Suite F
Las Vegas, Nevada 89120
Email: pangulo@angulolawgroup.com
*Attorneys for Plaintiff*

　　　　　　　　　　　　　　　　　　　　*/s/ Andrea Montero*
　　　　　　　　　　　　　　　　　　　　An Employee of GORDON REES SCULLY MANSUKHANI, LLP